PER CURIAM.
Petitioners, known as the Tampa Industrial Group, were allowed to intervene in Public Service Commission proceedings relating to an investigation of unlimited fuel cost adjustment clauses contained in contracts between various gas distributors and Florida users. At the conclusion of the proceedings, the Commission announced that the distributors would have to revise their adjustment clauses to conform with a millage limitation on increases decreed by the Commission.
Thereafter, the President of the United States issued an Executive Order instituting a Wage/Price Freeze on economic activity. In response, the Commission suspended its rate orders until further notice, including the order relating to the adjustment clauses. However, upon considering argument that the Executive Order applied only to increases in tariffs, and not decreases, the Commission subsequently modified its suspension order so as to reinstate the requirement that the gas distributors revise their adjustment clauses without regard to the Wage/Price Freeze.
This subsequent modification was announced September 30, 1971, through Order 5233. It contained, as an added fea *850 ture, a requirement that the gas distributors be prepared to make refunds to gas users for overpayments made between September 30, 1971, and the date when the distributors submitted an adjustment clause revision acceptable to the Commission.
Now petitioners seek review of Order 5233, contending that the refund period should be made to run from the date when the first revision order was announced before the Wage/Price Freeze, and not from the time when the modification was entered.
Our consideration of the petition, the record and briefs, and the argument of counsel, leads us to conclude that there has been no deviation from the essential requirements of law.
Therefore, the petition seeking review of Order 5233 is denied.
It is so ordered.
ROBERTS, C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.